**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**March 31, 2006**

**Charles R. Fulbruge III**
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

————————————

No. 04-51068
Summary Calendar

————————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILLIE ANDREW SMITH

Defendant - Appellant

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:04-CR-48-2-AML
--------------------

Before KING, WIENER and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Willie Andrew Smith appeals his conviction for illegal transportation of aliens and conspiracy to transport aliens. Smith contends that the trial court abused its discretion by admitting evidence related to Smith's October 14, 2003, arrest for illegally transporting aliens (the October arrest). Smith asserts that his conduct in relation to the October arrest was not admissible under Rule 404 because it was neither criminal nor a bad act, because Smith did not present any defense, and because

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he did not assert mistake or accident. In the alternative, he argues that evidence related to the October arrest was irrelevant. In the further alternative, Smith argues that evidence related to the October arrest was unduly prejudicial, in part because the Government's other evidence was sufficient to establish Smith's guilt in the instant offense. Smith also asserts that the district court violated Fed. R. Evid. 403 by failing to conduct a balancing test, by not conducting the balancing test on the record, and by not using the correct standard in its Rule 403 ruling.

The district court held hearings on Smith's Rule 403 and Rule 404 challenges and explicitly addressed Smith's challenges regarding the criminality of his conduct related to the October arrest, the relevancy of the October arrest, and the balancing of the probative value of evidence related to the October arrest against the potential for undue prejudice from such testimony. It correctly found that evidence related to the October arrest was relevant and was admissible under Fed. R. Evid. 404(b) to show Smith's knowledge and intent, which were placed at issue by Smith's "not guilty" plea. See United States v. Walker, 410 F.3d 754, 759 (5th Cir. 2005); United States v. Beechum, 582 F.2d 898, 911 (5th Cir. 1978) (en banc). This evidence possessed considerable probative value that was not substantially outweighed by undue prejudice under Fed. R. Evid. 403. See

<u>United States v. Williams</u>, 132 F.3d 1055, 1058-60 (5th Cir. 1998); <u>Beechum</u>, 582 F.2d at 911.

For the foregoing reasons, Smith's conviction is AFFIRMED.